# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| MICHELLE FOSSUM et al., | ) | |
| Plaintiffs, | ) | |
| | ) | 3:11-cv-00082-RCJ-WGC |
| vs. | ) | |
| | ) | |
| BANK OF AMERICA, N.A. et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

This is a residential foreclosure avoidance action. Pending before the Court is a Motion to Dismiss (ECF No. 21). For the reasons given herein, the Court grants the motion in part and denies it in part, with leave to amend in part.

## I.   FACTS AND PROCEDURAL HISTORY

Plaintiffs Michelle and Peter Fossum gave lender New Century Mortgage Corp. ("New Century") a $275,000 promissory note to purchase or refinance property at 1380 Laser Ct., Sparks, NV 89436 (the "Property"), secured by a deed of trust (the "DOT") against the Property given to trustee Marquis Title and Escrow. (*See* DOT 1–3, Apr. 28, 2006, ECF No. 21-1). Mortgage Electronic Registration Systems, Inc. does not appear to be a party to or third-party beneficiary of the DOT. In 2008, Fidelity National Default Solutions ("Fidelity"), as purported agent for Recontrust Co., filed the first Notice of Default ("FNOD"). (*See* FNOD, Apr. 10, 2008, ECF No. 21-2). No further action appears to have been taken as to the FNOD. Both Fidelity and Recontrust appear to have been strangers to the note and DOT at the time. In 2009, BAC Home Loans Servicing, LP ("BAC"), as purported attorney-in-fact for New Century, assigned the note

and DOT to HBSC Bank USA, N.A. ("HBSC"), and also, as purported attorney-in-fact for HBSC, substituted Recontrust as trustee under the DOT. (*See* Assignment, Sept. 21, 2009, ECF No. 21-3; Substitution, Sept. 21, 2009, ECF No. 21-4). The same day, First American Title ("First American"), as purported attorney-in-fact for Recontrust, filed the second Notice of Default ("SNOD"). (*See* SNOD, Sept. 21, 2009, ECF No. 21-2). Plaintiffs either waived or made no request for mediation under Nevada's Foreclosure Mediation Program. (*See* FMP Certificate, Apr. 14, 2010, ECF No. 21-5). Recontrust noticed a trustee's sale for January 12, 2011. (*See* First Notice of Trustee's Sale, Dec. 23, 2010, ECF No. 21-6, at 2). Recontrust noticed another trustee's sale for May 16, 2011. (*See* Second Notice of Trustee's Sale, Apr. 21, 2011, ECF No. 21-6, at 4).

Plaintiffs sued Bank of America Corp., Bank of America, N.A., BAC, and Recontrust in state court without delineating any causes of action. The Court interprets the Complaint to allege statutorily defective foreclosure, *see, e.g.*, Nev. Rev. Stat. § 107.080, as well as promissory estoppel and violation of Nevada's Deceptive Trade Practices Act ("DPTA"), *see id.* § 598.010. Defendants removed and have now moved to dismiss for failure to state a claim.

## II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell*

1  *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is

2  sufficient to state a claim, the court will take all material allegations as true and construe them in

3  the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th

4  Cir. 1986).  The court, however, is not required to accept as true allegations that are merely

5  conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*

6  *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action

7  with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own

8  case making a violation plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79

9  (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff

10 pleads factual content that allows the court to draw the reasonable inference that the defendant is

11 liable for the misconduct alleged.").  In other words, under the modern interpretation of Rule

12 8(a), a plaintiff must not only specify a cognizable legal theory (*Conley* review), but also must

13 plead the facts of his own case so that the court can determine whether the plaintiff has any

14 plausible basis for relief under the legal theory he has specified, assuming the facts are as he

15 alleges (*Twombly-Iqbal* review).

16    "Generally, a district court may not consider any material beyond the pleadings in ruling

17 on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the

18 complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner*

19 *& Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents

20 whose contents are alleged in a complaint and whose authenticity no party questions, but which

21 are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)

22 motion to dismiss" without converting the motion to dismiss into a motion for summary

23 judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule

24 of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*

25

*Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

## II. ANALYSIS

### A. Promissory Estoppel

Plaintiffs have not stated a claim for promissory estoppel. In some cases, an oral or written promise not to foreclose followed by foreclosure can support a claim of promissory estoppel in the absence of consideration where the borrower reasonably and detrimentally relies upon the statement. Plaintiffs will be given leave to amend to allege a promissory estoppel claim but they have not yet done so.

Although Plaintiffs document well the frustrations they endured due to Defendants' poor management or indifference, there is no allegation of a promise to modify the note or not to foreclose. (*See* Compl. ¶¶ 16–40).[1] Plaintiffs recite the common complaint that the beneficiary's representative claimed the beneficiary could not modify the note unless it was in default. (*See id.* ¶ 16). Although this may or not have been true as a matter of law or the beneficiary's own policy, even if totally untrue, it is not coupled with any promise to modify, but only the ability to apply for a modification. As the Court has noted in many cases, a promise to negotiate is not a promise to modify. Plaintiffs admit that BAC refused to accept their post-default payments under Plaintiff's proposed modification plan, at first because the funds weren't certified, and later because the note had been accelerated and full payment was required to cure. (*See id.* ¶¶ 27–33). Plaintiffs admit that the notice form BAC upon which Plaintiffs base their assertion that they had

---

[1] Under recent legislation governing foreclosure prevention alternatives, these allegations would probably support a statutory claim, but the events at issue occurred in 2009 and 2010. *See* Nev. Rev. Stat. § 107.500–.560 (2013).

entered into a modification agreement stated "*If* you and BAC[] have entered into an agreement to address your monthly payments, please make payments in accordance with this agreement." (*See id.* ¶ 26 (emphasis added)). This is no allegation of fact indicating that BAC had in fact entered into any agreement but only that BAC meant to instruct recipients of this form letter that if an agreement had been reached, payments should be made in accordance therewith. In response to the present motion, Plaintiffs simply recount the allegations the Court has already addressed. Plaintiff may amend if they can allege an actual modification or a an actual promise not to foreclose.

### B. DTPA

Plaintiffs cite the DTPA broadly, so the Court will assume Plaintiffs mean to allege violations of subsections 598.0923(2)–(4) of the Nevada Revised Statutes, which are common allegations in the present context. Subsections (2) through (4) make it a deceptive trade practice to "[f]ail[] to disclose a material fact in connection with the sale or lease of goods or services," "violate[] a state or federal statute or regulation relating to the sale or lease of goods or services," or "[u]se coercion, duress or intimidation in a transaction." Nev. Rev. Stat. § 598.0923(2)–(4). Plaintiffs imply that the runaround they received from BAC and Recontrust violated one or more of these subsections.

Defendants third argument that the Act simply does not apply to real estate transactions is correct and dispositive. The Court agrees that the Property does not constitute "goods" under subsections (2) and (3). "Goods" is separately defined in section 598.0934 as including mobile or manufactured homes under some circumstances, but there is no indication that real estate is a mobile or manufactured home. *See id.* § 598.0934. The question remains whether the servicing of Plaintiffs' loan constitutes the sale of services. The Court finds that it does not. Although the servicing of Plaintiffs' loan is indeed a service itself, the subsections at issue do not on their face apply to acts taken during the provision of goods and services already purchased or leased, but

only during the sale of services, i.e., fraud-in-the-inducement-type claims. The only remaining question is whether BAC or Recontrust used coercion, duress, or intimidation. Plaintiffs do not allege any physical or economic threats apart from the looming possibility of foreclosure, which Plaintiffs affirmatively allege Defendants did not threaten. (*See* Compl. ¶¶ 40, 43).

Plaintiffs in response disclaim any intent to plead a claim under Chapter 598, but a Chapter 598 claim was clearly implied in the Complaint. (*See* Compl. 3:10–11 ("This representation by the Bank of America Defendants is false and a violation of Nevada Deceptive Trade Practices Act 598.010, *et seq.*")). Defendants' inference that Plaintiffs wished to bring such a claim was necessitated by Plaintiffs' identification of this clearly relevant statute and their simultaneous failure to enumerate any causes of action in the Complaint.

C.   **Statutorily Defective Foreclosure**

The Court will not dismiss this claim for at least four reasons. First, the entity that purported to assign the beneficial interest in the note and DOT from New Century to HSBC, BAC, was only the purported attorney-in-fact of the lender, New Century, by its own claim of agency on the Assignment it executed. This Court has ruled in several factually similar cases that where a document critical to foreclosure is executed by an entity whose authority to execute it is unclear because the only evidence thereof is the purported agent's own claim of agency on the relevant document, it will not dismiss claims of statutorily defective foreclosure even where it is clear there are no other defects. Instead, the Court will leave for summary judgment or trial the factual issue of the purported agent's authority. *See, e.g.*, *Behre v. Fed. Nat'l Mortg. Ass'n*, No. 2:13-cv-00552, 2013 WL 3491272, at *2 (D. Nev. July 9, 2013) (Jones, C.J.).

Second, the entity that purported to substitute Recontrust as trustee, BAC, was only the purported attorney-in-fact of the putative new beneficiary, HSBC, by its own claim of agency on the Substitution it executed. The issue of BAC's agency on behalf of HSBC therefore remains. *See id.*

Third, the entity that filed the SNOD, First American, was only the purported attorney-in-fact of the putative new trustee, Recontrust, by its own claim of agency on the Notice of Default it executed. The issue of First American's agency on behalf of Recontrust therefore remains. *See id.* There are *three* independent factual issues of agency to be determined in this case.

Fourth, Plaintiffs allege having received no notice at all of the foreclosure until receiving the Notice of Trustee's Sale on December 17, 2010 and specifically deny having ever received any Notice of Default. (*See* Compl. ¶¶ 40, 43). This allegation is sufficient to prevent dismissal because it implies that no Defendant mailed a copy of the SNOD to Plaintiffs as required by the statute. *See* Nev. Rev. Stat. § 107.080(2)(a)(2), (3).

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 21) is GRANTED IN PART and DENIED IN PART. The promissory estoppel and DTPA claims are dismissed, with leave to amend the promissory estoppel claim.

IT IS SO ORDERED.

Dated this 12th day of February, 2014.

_____
ROBERT C. JONES
United States District Judge