1

2

3

4

**UNITED STATES DISTRICT COURT**

5

**DISTRICT OF NEVADA**

6

7    MICHELLE FOSSUM et al.,                      )
                                                   )
8                     Plaintiffs,                  )
                                                   )          3:11-cv-00082-RCJ-WGC
        vs.                                        )
9                                                  )
     BANK OF AMERICA, N.A. et al.,                 )          **ORDER**
10                                                 )
                      Defendants.                  )
11   _____        )

12          This is a residential foreclosure avoidance action.  Pending before the Court is a Motion

13   to Dismiss (ECF No. 31).  For the reasons given herein, the Court denies the motion.

14   **I.      FACTS AND PROCEDURAL HISTORY**

15          Plaintiffs Michelle and Peter Fossum gave lender New Century Mortgage Corp. ("New

16   Century") a $275,000 promissory note to purchase or refinance property at 1380 Laser Ct.,

17   Sparks, NV 89436 (the "Property"), secured by a deed of trust (the "DOT") against the Property

18   given to trustee Marquis Title and Escrow. (*See* DOT 1–3, Apr. 28, 2006, ECF No. 21-1).

19   Mortgage Electronic Registration Systems, Inc. does not appear to be a party to or third-party

20   beneficiary of the DOT.  In 2008, Fidelity National Default Solutions ("Fidelity"), as purported

21   agent for Recontrust Co., filed the first Notice of Default ("FNOD"). (*See* FNOD, Apr. 10, 2008,

22   ECF No. 21-2).  No further action appears to have been taken as to the FNOD.  Both Fidelity and

23   Recontrust appear to have been strangers to the note and DOT at the time.  In 2009, BAC Home

24   Loans Servicing, LP ("BAC"), as purported attorney-in-fact for New Century, assigned the note

25   and DOT to HBSC Bank USA, N.A. ("HBSC"), and also, as purported attorney-in-fact for

1    HBSC, substituted Recontrust as trustee under the DOT. (*See* Assignment, Sept. 21, 2009, ECF

2    No. 21-3; Substitution, Sept. 21, 2009, ECF No. 21-4).  The same day, First American Title

3    ("First American"), as purported attorney-in-fact for Recontrust, filed the second Notice of

4    Default ("SNOD"). (*See* SNOD, Sept. 21, 2009, ECF No. 21-2).  Plaintiffs either waived or made

5    no request for mediation under Nevada's Foreclosure Mediation Program. (*See* FMP Certificate,

6    Apr. 14, 2010, ECF No. 21-5).  Recontrust noticed a trustee's sale for January 12, 2011.

7    (*See* First Notice of Trustee's Sale, Dec. 23, 2010, ECF No. 21-6, at 2).  Recontrust noticed

8    another trustee's sale for May 16, 2011. (*See* Second Notice of Trustee's Sale, Apr. 21, 2011,

9    ECF No. 21-6, at 4).

10    Plaintiffs sued Bank of America Corp., Bank of America, N.A., BAC, and Recontrust in

11    state court without delineating any causes of action.  The Court interprets the Complaint to allege

12    statutorily defective foreclosure, *see, e.g.*, Nev. Rev. Stat. § 107.080, as well as promissory

13    estoppel and violation of Nevada's Deceptive Trade Practices Act ("DPTA"), *see id.* § 598.010.

14    Defendants removed and have now moved to dismiss for failure to state a claim.  The Court

15    granted the motion to dismiss but gave Plaintiffs leave to amend the promissory estoppel claim.

16    Plaintiffs filed the First Amended Complaint ("FAC").  Defendants have moved to dismiss the

17    FAC for failure to state a claim.

18    **II.    LEGAL STANDARDS**

19    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

20    claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of

21    what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47

22    (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action

23    that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule

24    12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720

25    F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for

1    failure to state a claim, dismissal is appropriate only when the complaint does not give the

2    defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell*

3    *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is

4    sufficient to state a claim, the court will take all material allegations as true and construe them in

5    the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th

6    Cir. 1986).  The court, however, is not required to accept as true allegations that are merely

7    conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*

8    *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action

9    with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own

10   case making a violation plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79

11   (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff

12   pleads factual content that allows the court to draw the reasonable inference that the defendant is

13   liable for the misconduct alleged.").  In other words, under the modern interpretation of Rule

14   8(a), a plaintiff must not only specify a cognizable legal theory (*Conley* review), but also must

15   plead the facts of his own case so that the court can determine whether the plaintiff has any

16   plausible basis for relief under the legal theory he has specified, assuming the facts are as he

17   alleges (*Twombly-Iqbal* review).

18        "Generally, a district court may not consider any material beyond the pleadings in ruling

19   on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the

20   complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner*

21   *& Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents

22   whose contents are alleged in a complaint and whose authenticity no party questions, but which

23   are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)

24   motion to dismiss" without converting the motion to dismiss into a motion for summary

25   judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule

1   of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*

2   *Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court

3   considers materials outside of the pleadings, the motion to dismiss is converted into a motion for

4   summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir.

5   2001).

6   **II.   ANALYSIS**

7        The Court previously noted that Plaintiffs had made no allegation of fact indicating that

8   BAC had entered into any modification agreement but only allegations of negotiations.  A claim

9   for promissory estoppel will lie where: (1) the defendant is apprised of the true facts; (2) the

10  defendant intends that his conduct shall be acted upon, or so acts that the plaintiff has the right to

11  believe it was so intended; (3) the plaintiff is ignorant of the true state of facts; and (4) the

12  plaintiff has relied to his detriment on the conduct of the defendant. *E.g.*, *Pink v. Busch*, 691 P.2d

13  456, 459–60 (Nev. 1984).  Plaintiffs have now alleged an agreement to modify:

14       [O]n March 4, 2010, the Plaintiffs received four (4) identical loan
    modification packets.  Plaintiffs contacted Defendant BAC about these packets and
15  received the instruction that they needed to complete only one, not the four that had
    been sent.

16
         The Plaintiffs promptly completed the loan modification plan form, which
17  included a detailed description of the payment schedule, and the monthly amount to
    be paid; Plaintiffs signed the loan modification, had it notarized and submitted it to
18  Defendant BAC the same day (March 31, 2010) using the label provided by
    Defendant BAC.

19
         Pursuant to the terms of the loan modification plan sent to the Plaintiffs by
20  Defendant BAC, the Plaintiffs' interest was reduced, thereby reducing the Plaintiffs'
    monthly payment.  The plan also provided that any arrearages would be subsumed
21  into the principle and that the Plaintiffs' interest rate would be increased in small
    increments over the period of the loan.  This plan from Defendant BAC allowed the
22  Plaintiffs to make their monthly payment, save their home and pay the loan off in
    full.

23
         After a number of additional delays, the *Plaintiffs were finally able to receive*
24  *verbal confirmation from Defendant BAC that their loan modification was approved*
    *and accepted by Defendant BAC . . . .*

25

1   (First Am. Compl. ¶¶ 20–23, Feb. 26, 2014, ECF No. 30 (emphasis added)).

2          Defendants argue that the FAC is untimely, that Plaintiffs have not alleged the terms of

3   the modification, and that to the extent the terms can be inferred from the FAC, Plaintiffs have

4   admitted they did not comply with those terms.  The Court rejects these arguments.

5          First, the FAC is not untimely.  The magistrate judge's February 3, 2014 scheduling order

6   required all amendments to pleadings to be made by February 24, 2014, two days before

7   Plaintiffs filed the FAC.  But the Court separately gave Plaintiffs leave to amend the Complaint

8   in its February 14, 2014 dismissal order.  The Scheduling Order applied omnibus deadlines for

9   litigant-initiated amendments.  The Court's dismissal order, however, instructed Plaintiffs to

10  make a particularized amendment.  The Court did not specify any deadline, and twelve days is

11  not an unreasonable amount of time.  It is, in fact a shorter period of time than is required for

12  responses to motions in most contexts.  Plaintiffs had only ten days between the issuance of the

13  order informing them of the deficiencies in the Complaint and the deadline to amend under the

14  Scheduling Order.  Dismissing the now-sufficient allegations because Plaintiffs filed the

15  amendment two days later (but only twelve days after the Court described the deficiencies

16  without specifying any particular time to amend) would be inconsistent with the policy behind

17  the Civil Rules permitting liberal amendment so that cases can be determined on the merits.

18  When the Court directs a particular amendment without specifying a deadline, the party has a

19  reasonable time to comply, notwithstanding omnibus deadlines otherwise applicable to litigant-

20  initiated amendments.  This must be the case.  If the omnibus deadline controlled dispositively, a

21  litigant given notice of the deficiencies in a complaint the day before the omnibus deadline would

22  have only one day to amend or lose his case.  Such a ruling would be an abuse of discretion in

23  light of the policy favoring liberal grant of leave to amend.

24         Second, the promissory estoppel claim does not sound in fraud in this case and therefore

25  need not be pled with particularity. *See Hisun Motors Corp., U.S.A. v. Auto. Testing & Dev.*

1  *Servs., Inc.*, No. CV 11-1918, 2012 WL 682398, at *6 (D. Ariz. Mar. 2, 2012) (noting that

2  promissory estoppel claims sound in fraud, and therefore must be pled with particularity, only

3  where the defendant had no intent of performance when the promise was made, because only in

4  such a case is there a misrepresentation of any existing fact as opposed to a promise to perform in

5  the future followed by a breach).  Plaintiffs have sufficiently alleged that BAC agreed to a

6  modification.

7          Third, Plaintiffs have  sufficiently alleged that they complied with the terms of the

8  modification by sending a check for the amount specified in the modification agreement. (*See*

9  First Am. Compl. ¶ 24).  When BAC returned the check, demanding certified funds (despite the

10  fact that the modification plan did not specify that payment s need be made via certified funds),

11  Plaintiffs complied by immediately sending a certified check in the proper amount, and BAC

12  signed for it. (*Id.* ¶¶ 25–26).  But BAC failed to apply the certified funds to Plaintiffs' account.

13  (*Id.* ¶¶ 27–29).  Still, desiring to be in compliance with the modification agreement, Plaintiffs

14  sent another certified check when due. (*Id.* ¶ 29).  BAC's next action was essentially to repudiate

15  the modification agreement by claiming that the checks did not reflect the "total due"—implying

16  that there was no modification and that the loan had been accelerated—and sending Plaintiffs

17  new modification packets. (*See id.* ¶¶ 30–33).  Nor need Plaintiffs specifically allege a promise

18  not to foreclose, because the right of foreclosure only arises upon a default, and Plaintiffs have

19  alleged they were not in default under the mortgage, as modified.

20          In arguing that Plaintiffs failed to comply with the alleged modification, Defendants

21  adduce the modification agreement itself—the very agreement they denied existed in their

22  previous motion to dismiss. (*See* Mot. Dismiss 9:15–16, Jan. 17, 2014, ECF No. 21

23  ("[P]laintiffs' central argument in support of their request for declaratory relief is that the parties

24  entered into a valid loan modification agreement.  Not so.")).  Defendants argue that Plaintiffs

25  stopped making payments after the first two.  But, as noted, *supra*, Plaintiffs only stopped

1  making payments when BAC refused to accept any more payments and anticipatorily repudiated

2  the modification agreement by demanding the total amount due on the mortgage and sending

3  more application packets, thereby implying both acceleration of the original loan and the

4  invalidity of the modification agreement.

5                                               **CONCLUSION**

6         IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 31) is DENIED.

7         IT IS SO ORDERED.

8  Dated this 24th day of March, 2014.

9                                                          _____
                                                               ROBERT C. JONES
10                                                          United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25